UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-0148JLR |
| Plaintiff, | ORDER |
| v. | |
| LUIS ENRIQUE PEREZ LOPEZ, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is Defendant Luis Enrique Perez Lopez's *pro se* motion

requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on

Amendments 782 and 788 to United States Sentencing Guidelines ("USSG").  (Mot.

(Dkt. # 33).)  Plaintiff United States of America ("the Government") opposes the motion.

(*See* Resp. (Dkt. # 35).)  The court has thoroughly considered the parties' briefing, the

//

//

1  relevant record, and the applicable law.  Being fully advised,[1] the court DENIES Mr.

2  Perez Lopez's motion for the reasons stated below.

3  ## II.  BACKGROUND

4  Mr. Perez Lopez was sentenced on December 19, 2016, following his conviction

5  for Possession with Intent to Distribute Heroin.  (Judgment (Dkt. # 32).)  At his

6  sentencing hearing, the court stated Mr. Perez Lopez's applicable sentencing range as

7  follows:  Total Offense Level 27; Criminal History Category I.  Hence, Mr. Perez

8  Lopez's applicable sentencing range was 70 to 87 months.  (Min. Entry (Dkt. # 31).)  The

9  court then sentenced Mr. Perez Lopez to 60 months of imprisonment, which was below

10  that range.  Mr. Perez Lopez moves for a reduction in his sentence based on Amendments

11  782 and 788 to the United States Sentencing Guidelines (Mot.), and the court now

12  considers his motion.

13  ## III.  ANALYSIS

14  Amendment 782 to the United States Sentencing Guidelines became effective

15  November 1, 2014, and lowered the penalties for many drug offenses by reducing most

16  base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels,

17  and making other related adjustments to the Guidelines.  Along with Amendment 782,

18  the Sentencing Commission adopted Amendment 788, which decreed that Amendment

19  782 may be applied retroactively to lower the sentences of previously sentenced inmates.

20  //

21  //

22  _____

[1] The court finds oral argument to be unnecessary.

At issue in the instant motion is whether the court has authority to reduce Mr. Perez Lopez's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

In United States Sentencing Guideline § 1B1.10(a)(2)(B), the Sentencing Commission makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not lower the applicable sentencing range for the defendant. *See* USSG § 1B1.10 (a)(2)(B); *see also United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (affirming the district court's denial of a retroactive reduction where the final sentencing range was unchanged due to the operation of the grouping rules).

Mr. Perez Lopez's sentence is already well below the applicable sentencing range calculated using the amended Guidelines. United States Sentencing Guideline § 1B1.10(b)(2) provides that, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2). Mr. Perez

Lopez was sentenced using the 2015 Guideline Manual which incorporated all the Guideline amendments. (PSI (Dkt. #25), ¶ 16.) Therefore, the court is not authorized to reduce Mr. Perez Lopez's sentence below the low end of the range, which is a term of 70 months of imprisonment, or 10 months longer than his current sentence.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Perez Lopez's motion for a reduction of his sentence (Dkt. # 33).

Dated this 26th day of September, 2017.

JAMES L. ROBART
United States District Judge